# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-1560
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Scott Holmes

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: February 8, 2024
Filed: February 13, 2024
[Unpublished]
_____

Before BENTON, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Brandon Holmes received a 295-month prison sentence and an order to pay $60,000 in restitution after he pleaded guilty to sexual exploitation of a child. *See* 18 U.S.C. § 2251(a), (e). In a pair of *Anders* briefs, Holmes's counsel discusses two issues: the lack of statutory authority for the restitution award and the substantive reasonableness of the sentence. *See Anders v. California*, 386 U.S. 738 (1967).

The restitution challenge has been waived, *see United States v. Olano*, 507 U.S. 725, 733 (1993), and the sentence is substantively reasonable, *see United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing the reasonableness of a sentence for an abuse of discretion). The record establishes that the district court[1] sufficiently considered the statutory sentencing factors, 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See Feemster*, 572 F.3d at 461–62; *see also United States v. Palkowitsch*, 36 F.4th 796, 802–03 (8th Cir. 2022).

We have also independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.